**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENNY SURJADI, | No. 08-74302 |
| Petitioner, | Agency No. A096-488-231 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2012[**]

Before:     LEAVY, PAEZ, and NGUYEN, Circuit Judges.

Benny Surjadi, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of CAT relief because Surjadi failed to demonstrate it is more likely than not he will be tortured if returned to Indonesia. *See id.* at 1068. Accordingly, Surjadi's CAT claim fails.

Surjadi claims he was robbed several times over the course of his life in Indonesia. These robberies do not compel a finding of past persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (numerous incidents of mistreatment, including arbitrary arrest and detention by police and beating at the hands of rioters, did not compel finding of past persecution). Substantial evidence supports the BIA's determination that, even under a disfavored group analysis, Surjadi failed to show sufficient individualized risk to establish it is more likely than not he would be persecuted on account of his race or religion. *See id.* at 979; *see also Wakkary*, 558 F.3d at 1066 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant . . . ."). Contrary to Surjadi's contention, the BIA applied a disfavored group analysis. Further, the agency did not err in considering the safety of Surjadi's similarly situated sisters who remain in

Indonesia as one factor among others in assessing the likelihood of future persecution. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001), *superseded on other grounds by* Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231.

In assessing Surjadi's withholding of removal claim, however, the BIA did not address Surjadi's pattern or practice contention or his argument that he faces persecution on account of an imputed political opinion. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (BIA is not free to ignore arguments raised by a petitioner). Accordingly, we remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**